OPINION
{¶ 1} Defendant-appellant, Zachary Harrop, appeals his conviction and sentence in the Fayette County Court of Common Pleas for murder and tampering with evidence.
 {¶ 2} On April 8, 2005, appellant was indicted on one count each of murder in violation of R.C. 2903.02(B), felonious assault in violation of R.C. 2903.11(A)(1), and tampering with evidence in violation of R.C. 2921.12(A)(1). The charges stemmed from an incident that took place in the early morning hours of April 1, 2005 at the residence of Joseph Heimann. Present at the residence that morning were appellant, Heimann, Roger Byrd, and a friend of Heimann.
 {¶ 3} Byrd was asleep in the living room when he suddenly stood up and started urinating on the floor in front of appellant and Heimann. Appellant struck Byrd, grabbed him, and put him outside. After Byrd unsuccessfully tried to get back in through the front door, he entered the house through the back door. Once again, appellant grabbed Byrd and put him outside. In the process of putting Byrd outside twice and preventing him from re-entering the house, appellant hit him in the face with his fist several times and kicked him several times. After appellant threw Byrd out the second time, appellant hit him again. Byrd never got up. Appellant then dragged Byrd to the neighbor's yard next door. During the altercation, Byrd, who looked like he was asleep, never swung back, kicked back, slapped, or pushed appellant. During the altercation and in the process of being dragged out, Byrd lost his shoes, socks, pants, and underwear. He was discovered with only a shirt on by construction workers at about 9 a.m. He later perished from his injuries.
 {¶ 4} In April 2006, a jury found appellant guilty of murder and tampering with evidence. He was sentenced to 15 years to life in prison on the murder charge and to a consecutive five-year prison term on the tampering with evidence charge. This appeal follows in which appellant raises two assignments of error.
 {¶ 5} In his first assignment of error, appellant argues that his trial counsel was ineffective for failing to (1) object to the hearsay testimony of an employee of the Franklin County Coroner's Office regarding Byrd's autopsy, and (2) request jury instructions on voluntary manslaughter and aggravated assault.
 {¶ 6} The reversal of a conviction based upon ineffective assistance of counsel requires satisfying the two-prong test set forth in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052. State v. Conway, 109 Ohio St.3d 412,2006-Ohio-2815, ¶ 95. First, a defendant must show that counsel's performance was deficient, that is, that counsel's performance fell below an objective level of representation. Second, the defendant must show that the deficient performance caused prejudice, depriving the defendant of a fair trial. Prejudice exists where the defendant shows that, but for counsel's errors, there is a reasonable probability that the result of the trial would have been different. Conway at ¶ 95, citing State v.Bradley (1989), 42 Ohio St.3d 136.
 {¶ 7} Appellant first argues that he received ineffective assistance of counsel because his trial counsel failed to object to the hearsay testimony regarding Byrd's autopsy. The record shows that the autopsy was performed by a Dr. Collie Trant, a forensic pathologist at the Franklin County Coroner's Office. By the time of appellant's trial, however, Dr. Trant no longer worked for the coroner's office and was living in Louisiana. Dr. William Cox, a forensic pathologist at the coroner's office, instead testified about Byrd's autopsy. Appellant argues that his counsel's failure to object to Dr. Cox's testimony violated his Sixth Amendment right to confront witnesses under Crawford v.Washington (2004), 541 U.S. 36, 124 S.Ct. 1354.
 {¶ 8} In Crawford, the United States Supreme Court held that the Confrontation Clause bars "testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." Id. at 53-54. Crawford distinguished between testimonial and nontestimonial statements, and although it did not provide a comprehensive definition of testimonial statements, it did indicate that business records were, "by their nature," not testimonial. Id. at 56.
 {¶ 9} In State v. Craig, 110 Ohio St.3d 306,2006-Ohio-4571, the Ohio Supreme Court held that autopsy reports, prepared by a medical examiner and documenting objective findings, are the "quintessential business records" and are nontestimonial business records, and that the expert testimony of a medical examiner about an autopsy report but who has not conducted the autopsy, does not violate a defendant's confrontation rights. Id. at ¶ 80, 82, and 88. In light of the holding in Craig, we find that appellant's trial counsel provided reasonable representation and did not commit any error when he did not object to Dr. Cox's testimony.
 {¶ 10} Appellant also argues that he received ineffective assistance of counsel because his trial counsel did not request jury instructions on voluntary manslaughter and aggravated assault.
 {¶ 11} Aggravated assault is a lesser included offense of felonious assault. See State v. Deem (1988), 40 Ohio St.3d 205. Voluntary manslaughter, on the other hand, is not a lesser included offense of murder, but an inferior degree of murder. SeeState v. Tyler (1990), 50 Ohio St.3d 24. Nevertheless, as with a lesser included offense, "a defendant is entitled to an instruction on an inferior degree of the indicted offense when the evidence is such that a jury could both reasonably acquit him of the indicted offense and convict him of the inferior offense." Id. at 37.
 {¶ 12} The elements of voluntary manslaughter and aggravated assault both include the mitigating circumstance that the accused acted "while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the [accused] into using deadly force." See R.C. 2903.03(A) and2903.12(A). For provocation to be reasonably sufficient, it must be sufficient to arouse the passions of an ordinary person beyond the power of his or her control. State v. Rice, Butler App. No. CA2003-01-015, 2004-Ohio-697, ¶ 34. To determine whether the provocation was reasonably sufficient to incite the use of deadly force, the trial court must consider the emotional mental state of the defendant and the conditions and circumstances that surrounded him at the time. Id. at ¶ 36.
 {¶ 13} Appellant asserts that he was provoked by Byrd's initial act of urinating in Heimann's living room and Byrd's repeated attempts to get back in the house after he had been physically ousted and orally informed he was not welcomed there. Even assuming that Byrd "kind of balled up his fist up" before appellant struck him the first time (as Heimann testified for the first time at trial), we decline to hold that Byrd's act of urinating in the house and his repeated attempts to get back in the house after being physically ousted and orally informed he was not welcomed would have been sufficient to arouse the passions of an ordinary person beyond control. See id. at ¶ 37 (declining to hold that an intoxicated victim arguing with a defendant, beginning to hit him, and pulling a knife on him were sufficient to arouse the passions of an ordinary person beyond control). Considering that Byrd looked like he was asleep during the altercation, was apparently intoxicated, never took any offensive action against appellant while being hit and kicked by appellant, and never verbally threatened appellant, we find that the record lacks sufficient evidence of serious provocation.
 {¶ 14} Because there was no evidence that appellant's offenses were influenced by a sudden passion or a sudden fit of rage brought on by serious provocation from the victim, jury instructions on voluntary manslaughter and aggravated assault were not warranted under the facts of this case. It follows, then, that to request such instructions would have been futile and inappropriate. An attorney is not ineffective for failing to make futile requests, see State v. Kouzelos (Apr. 16, 1992), Cuyahoga App. No. 62568, or for failing to make a request for a jury instruction which would have been denied. See State v.Kenney (May 10, 2000), Holmes App. No. CA93-480A. Appellant's trial counsel provided reasonable representation and did not commit any error when he did not request jury instructions on voluntary manslaughter and aggravated assault.
 {¶ 15} In light of all of the foregoing, we find that appellant received effective assistance from his trial counsel. Appellant's first assignment of error is overruled.
 {¶ 16} In his second assignment of error, appellant argues that the trial court erred by imposing a maximum and consecutive term of imprisonment on the tampering with evidence charge.
 {¶ 17} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court held that portions of Ohio's statutory sentencing scheme were unconstitutional. Among the statutory provisions found unconstitutional were R.C. 2929.14(C), concerning the imposition of a maximum prison term, and R.C.2929.14(E)(4) and 2929.41(A), concerning the imposition of consecutive prison sentences. Id. at ¶ 83, 97-99. The Foster
court severed these sections from the sentencing code and instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing. Id. at ¶ 104. Because the trial court made improper findings under R.C. 2929.14(C) and (E) in imposing a maximum and consecutive prison term for the tampering with evidence charge, we must remand this case for resentencing consistent with Foster. Appellant's second assignment of error is sustained.
 {¶ 18} Judgment reversed as to sentencing only and only with regard to appellant's sentence for tampering with evidence, and remanded for resentencing.
Powell, P.J. and Bressler, J., concur.