[Cite as *State v. Brown*, 2018-Ohio-4939.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2018-05-027 |
| | : | O P I N I O N |
| - vs - | | 12/10/2018 |
| | : | |
| ALAN DALE BROWN, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2017CR000818

D. Vincent Faris, Clermont County Prosecuting Attorney, Nick Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Denise S. Barone, 385 North Street, Batavia, Ohio 45103-3005, for defendant-appellant

**S. POWELL, P.J.**

{¶ 1} Defendant-appellant, Alan Dale Brown, appeals from his conviction and six-year prison sentence he received in the Clermont County Court of Common Pleas after a jury found him guilty of four first-degree felony counts of aggravated robbery. For the reasons outlined below, we affirm.

{¶ 2} On December 21, 2017, the Clermont County Grand Jury returned an indictment charging Brown with four counts of aggravated robbery in violation of R.C.

2911.01(A)(1), all first-degree felonies. According to the bill of particulars, the charges arose after Brown assisted two co-defendants in robbing four victims of their clothes, money, and personal property. The robbery was accomplished using a deadly weapon while at Brown's Clermont County residence. During the robbery Brown's two co-defendants threatened each of the four victims and ordered them to strip naked. One of the victims was later discovered by a neighbor after the victim fled from Brown's property and broke through the neighbor's garage window.

{¶ 3} On January 7, 2018, Brown was arrested and taken to the Clermont County Jail. The following day, Brown entered a not guilty plea to all charges. Following his arrest, it is undisputed that Brown remained in the Clermont County Jail up to and including when his jury trial began on March 26, 2018. At trial, several witnesses testified regarding the aggravated robbery, including Brown. Brown denied any involvement in the crime. Specifically, as Brown testified, "I didn't have anything to do with any of that in this case. * * * I wasn't involved. I got caught up in the middle of it."

{¶ 4} Following deliberations, the jury returned a verdict finding Brown guilty of all four aggravated robbery offenses.[1] The trial court then sentenced Brown to serve a total of six years in prison consisting of four concurrent six-year prison terms imposed for each of the four aggravated robbery offenses. The trial court also notified Brown that he would be placed on a mandatory five-year postrelease control term following his release from prison. Brown now appeals from his conviction and six-year prison sentence, raising three assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-

---

1. Each of the four aggravated robbery charges included a firearm specification. The jury, however, found Brown not guilty of each of the four firearm specifications.

APPELLANT IN FAILING TO DISMISS THE CASE AS HIS SPEEDY TRIAL RIGHTS WERE VIOLATED.

{¶ 7} In his first assignment of error, Brown argues his conviction must be reversed and the charges against him dismissed since his speedy-trial rights were violated. We disagree.

{¶ 8} The right to a speedy trial is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and by Article I, Section 10, Ohio Constitution. *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, ¶ 32. To preserve this right, the Ohio General Assembly enacted this state's speedy trial statutes found in R.C. 2945.71 through 2945.73. *State v. Miller*, 12th Dist. Warren No. CA2009-01-008, 2009-Ohio-4831, ¶ 8.

{¶ 9} As relevant here, R.C. 2945.71(C)(2) provides that a person against whom a felony charge is pending "[s]hall be brought to trial within two hundred seventy days after the person's arrest." However, although the state has 270 days to bring an individual accused of committing a felony to trial, pursuant to R.C. 2945.71(E), "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." Compliance with these statutes is mandatory and must be strictly construed against the state. *State v. Shearer*, 12th Dist. Butler No. CA2017-07-102, 2018-Ohio-1688, ¶ 57.

{¶ 10} Brown argues the state's speedy-trial timetable expired on February 21, 2018. However, even when triple-counting the days Brown spent in the Clermont Count Jail, Brown's calculation amounts to only 135 days, not 270 days.[2] Because Brown remained incarcerated in the Clermont County Jail following his arrest, the state had 90 days to bring

---

2. There are 45 days between the date of Brown's arrest on January 7, 2018 and February 21, 2018. Forty-five days multiplied by three equals 135 days, half the total days the state was required to bring Brown to trial in accordance with R.C. 2945.71(C)(2) and (E).

Brown to trial in accordance with R.C. 2945.71(E). Brown was brought to trial beginning on March 26, 2018, a mere 78 actual days from the date of his arrest. As a result, even when ignoring any intervening tolling events, the state brought Brown to trial a full 12 days before the state's speedy-trial timetable expired.

{¶ 11} Based on the record properly before this court, the trial court did not err by failing to dismiss the charges against Brown on speedy-trial grounds. Nor did Brown's trial counsel provide him with ineffective assistance for failing to move for a dismissal on speedy-trial grounds. This is because any request to move for a dismissal on speedy-trial grounds would have been futile. "An attorney is not ineffective for failing to make futile requests[.]" *State v. Harrop*, 12th Dist. Fayette No. CA2005-12-036, 2006-Ohio-6080, ¶ 14. Therefore, finding no merit to Brown's arguments raised herein, Brown's first assignment of error is overruled.

{¶ 12} Assignment of Error No. 2:

{¶ 13} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN FAILING TO INSTRUCT THE JURY TO INCLUDE A LESSER INCLUDED OFFENSE.

{¶ 14} In his second assignment of error, Brown argues the trial court committed plain error by failing to instruct the jury on any lesser-included offense(s) to aggravated robbery, such as theft.[3] Brown also argues his trial counsel was ineffective for failing to request the trial court provide the jury with such an instruction. We disagree with Brown's

---

3. There is a question as to whether theft is a lesser-included offense of aggravated robbery. *See Siller v. State*, 8th Dist. Cuyahoga No. 100839, 2014-Ohio-2777, ¶ 11 (theft is a lesser-included offense of aggravated robbery); *State v. Freeman*, 11th Dist. Trumbull No. 2011-T-0059, 2012-Ohio-2244, ¶ 22 (theft is a lesser-included offense of aggravated robbery); *see also State v. Timmons*, 10th Dist. Franklin Nos. 13AP-1038 and 13AP-1039, 2014-Ohio-3520, ¶ 36 (theft is a lesser-included offense of aggravated robbery "because it would be impossible to ever commit a robbery by theft without also committing a theft"); *but see, State v. Coots*, 2d Dist. Miami No. 2014 CA 1, 2015-Ohio-126, ¶ 57 (theft is not a lesser-included offense of aggravated robbery "because aggravated robbery can be committed without theft also being committed"). For ease of discussion, we presume for purposes of issuing this opinion that theft is a lesser-included offense of aggravated robbery.

- 4 -

claims.

**{¶ 15}** It is undisputed that Brown did not request a jury instruction on any lesser-included offense(s), including theft, thereby waiving all but plain error. *State v. Jackson*, 12th Dist. Butler No. CA2013-10-192, 2014-Ohio-3779, ¶ 25, citing *State v. Lynn*, 129 Ohio St.3d 146, 2011-Ohio-2722, ¶ 12. Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Plain error exists where there is an obvious deviation from a legal rule that affected the defendant's substantial rights by influencing the outcome of the proceedings. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." *State v. Biros*, 78 Ohio St.3d 426, 436 (1997). This court should notice plain error with the utmost caution, under exceptional circumstances and only to prevent a miscarriage of justice. *State v. Widmer*, 12th Dist. Warren No. CA2011-03-027, 2012-Ohio-4342, ¶ 84.

**{¶ 16}** "In Ohio, there is a presumption that the failure to request an instruction on a lesser-included offense constitutes a matter of trial strategy and does not by itself establish plain error or the ineffective assistance of counsel." *State v. Riley*, 10th Dist. Franklin No. 06AP-1091, 2007-Ohio-4409, ¶ 5, citing *State v. Griffie*, 74 Ohio St.3d 332, 333 (1996). Here, it is clear from the record that Brown's trial counsel's failure to request an instruction on any lesser included offense(s), including theft, was a matter of trial strategy to defend against the serious charges against him; specifically, to minimize Brown's participation in the aggravated robbery by arguing he was merely a passive observer who was neither directly involved nor in any way complicit in the crime. This is confirmed by Brown's own trial testimony, wherein Brown testified that he did not have anything to do with the actions of his two co-defendants. Again, as Brown testified, "I didn't have anything to do with any of that in this case. * * * I wasn't involved. I got caught up in the middle of it."

{¶ 17} Based on the record properly before this court, Brown cannot establish that his trial counsel's failure to request an instruction on any lesser-included offense(s) was something other than a deliberate, tactical decision. This is because, as noted above, Brown denied any involvement in the aggravated robbery. This decision, although ultimately unsuccessful, was aimed at limiting the trial court's jury instructions to the four aggravated robbery offenses to obtain Brown's complete acquittal rather than inviting the jury to convict him on any lesser included charge. "The fact that trial strategy was ultimately unsuccessful * * * does not amount to ineffective assistance of counsel." *State v. Davis*, 12th Dist. Butler No. CA2012-12-258, 2013-Ohio-3878, ¶ 25.

{¶ 18} We also find the trial court did not err, let alone commit plain error, by failing to instruct the jury on any lesser-included offense(s). As noted above, Brown attempted to minimize his participation in the aggravated robbery by arguing he was merely a passive observer who was neither directly involved nor in any way complicit in the crime. This was done in hopes that the jury would provide him with a complete acquittal. Had the trial court instructed the jury on any lesser included offense(s), the trial court would have improperly interjected itself into the proceedings by providing the jury with an instruction that was in direct conflict with Brown's own defense strategy. The trial court's decision to abstain in that manner was not error. Therefore, finding no merit to Brown's arguments raised herein, Brown's second assignment of error is overruled.

{¶ 19} Assignment of Error No. 3:

{¶ 20} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN RENDERING A SENTENCE FOR SIX YEARS IN PRISON.

{¶ 21} In his third assignment of error, Brown argues the trial court erred and abused its discretion by sentencing him to serve a total of six years in prison. However, contrary to Brown's claim otherwise, it is now well-established that this court does not review a trial

court's sentencing decision for an abuse of discretion. Rather, as with all felony sentences, this court reviews Brown's sentence under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. This court has consistently applied this standard of review since July 29, 2013 with the issuance of our decision in *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315. As part of that decision, this court specifically stated that "from this day forward, rather than continue to apply the two-step approach as provided by [*State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912], we find the standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences." (Internal quotation marks omitted.)

{¶ 22} Pursuant to R.C. 2953.08(G)(2), this court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1, citing *Marcum* at ¶ 7.

{¶ 23} Brown does not dispute that the trial court considered the necessary sentencing statutes prior to issuing its sentencing decision. Brown also does not dispute that the trial court properly imposed postrelease control or that the trial court's decision sentencing him serve a total of six years in prison was within the permissible statutory range for a first-degree felony. *See* R.C. 2929.14(A)(1). Brown, who at that time was 40 years

old, instead argues the trial court's decision sentencing him to serve a total of six years in prison was improper since he "had gone for twenty-two years without any court contact."[4] We disagree.

{¶ 24} There can be no dispute that R.C. 2929.12(E)(3) requires the trial court to consider whether, "[p]rior to committing the offense, the offender had led a law-abiding life for a significant number of years." There can also be no dispute that the trial court considered R.C. 2929.12(E)(3) prior to issuing its decision. Brown merely disagrees with the manner the trial court weighed and balanced the various recidivism factors. Yet, as this court has stated previously, "[t]he trial court, in imposing a sentence, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances." *State v. Steger*, 12th Dist. Butler No. CA2016-03-059, 2016-Ohio-7908, ¶ 18, citing *State v. Stubbs*, 10th Dist. Franklin No. 13AP-810, 2014-Ohio-3696, ¶ 16. "The fact that the trial court chose to weigh various sentencing factors differently than how [Brown] would have weighed them does not mean the trial court erred in imposing [Brown's] sentence." *State v. Abrams*, 12th Dist. Clermont Nos. CA2017-03-018 and CA2017-03-019, 2017-Ohio-8536, ¶ 17. Brown's claim otherwise lacks merit.

{¶ 25} After a full and thorough review of the record, we find no error in the trial court's sentencing decision. In so holding, we note that due to the jury's verdict finding Brown guilty of four first-degree felony counts of aggravated robbery, the trial court had the option of sentencing Brown to a total maximum term of 44 years in prison. *See* R.C. 2929.14(A)(1) ("[f]or a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, ten, or eleven years"). The trial court instead exercised its discretion

---

4. The record indicates Brown had an extensive record as a juvenile during the early 1990s when Brown was between 14 and 15 years old. This includes Brown being adjudicated a delinquent child for crimes that if committed by an adult would constitute aggravated burglary, disorderly conduct, theft, and resisting arrest. The record also indicates Brown was convicted of disorderly conduct, a minor misdemeanor, in 2009 when he was 31.

and chose to sentence Brown to a much more lenient six-year prison term.  The trial court did not err in reaching this decision.  This is particularly true here considering the same trial court sentenced Brown's two co-defendants to similar five and eight-year prison terms for their own involvement in the aggravated robbery offenses.  Therefore, finding no merit to any of Brown's arguments raised herein, Brown's third assignment of error is overruled.

{¶ 26}  Judgment affirmed.

HENDRICKSON and PIPER, JJ., concur.