[Cite as *State v. Vaught*, 2022-Ohio-425.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NOS. CA2021-04-043 |
| | | CA2021-07-087 |
| Appellee, | : | |
| | | O P I N I O N |
| | : | 2/14/2022 |
| - vs - | | |
| | : | |
| ROBERT J. VAUGHT, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case Nos. CR2020-04-0555 and CR2021-03-0265

Michael T. Gmoser, Butler County Prosecuting Attorney, and John Heinkel, Assistant Prosecuting Attorney, for appellee.

Miller, Walker & Brush, LLP, and Michael Mills, for appellant.

**M. POWELL, J.**

{¶ 1} Appellant, Robert Vaught, appeals his convictions in the Butler County Court of Common Pleas for operating a vehicle under the influence of alcohol or drugs (OVI) and failure to appear.

{¶ 2} On June 10, 2020, appellant was indicted by a Butler County Grand Jury on five counts: two counts of fourth-degree felony OVI, one count of fourth-degree

misdemeanor operating a motor vehicle bearing an invalid license plate, one count of fourth-degree misdemeanor failure to register, and one count of fourth-degree use or possession of drug paraphernalia ("First Indictment"). The two felony OVI counts each contained an identical specification that "within twenty years of committing the offense, [appellant] previously has been convicted of or pleaded guilty to five or more equivalent offenses."

{¶ 3} On December 10, 2020, appellant's counsel filed a motion to suppress. Appellant failed to appear for the motion to suppress hearing and a capias was issued for his arrest. Appellant was arrested on the capias and was indicted for one count of fourth-degree felony failure to appear while released on his own recognizance ("Second Indictment"). On March 11, 2021, appellant appeared before the trial court upon both indictments.

{¶ 4} Appellant had agreed to plead guilty to Count Two of the First Indictment, a fourth-degree felony OVI in violation of R.C. 4511.19(A)(1)(a), in consideration of the dismissal of the other four counts and all specifications of the First Indictment. Appellant was also arraigned upon the Second Indictment and indicated he would be separately pleading guilty to the felony failure to appear charge in violation of R.C. 2937.99. The trial court engaged appellant in a Crim.R. 11 plea colloquy and advised him of the maximum penalties. Appellant signed plea forms in each case identifying the offenses as fourth-degree felonies and advising of the maximum penalties for the offenses. Counsel waived a recitation of the facts in both cases and stipulated the bill of particulars in the OVI case. The trial court then accepted appellant's guilty pleas.

{¶ 5} Appellant was sentenced to 26 months in prison for the OVI and 18 months for the failure to appear, to run concurrently. Appellant now appeals his convictions, raising two assignments of error.

{¶ 6} Assignment of Error No. 1:

{¶ 7} VAUGHT'S PLEA WAS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY MADE.

{¶ 8} Appellant presents two arguments under his first assignment of error: (1) his plea was not knowingly, intelligently, and voluntarily made; and (2) his trial counsel was ineffective for failure to move to withdraw the plea prior to sentencing.[1]

<u>Validity of the Plea</u>

{¶ 9} "When a defendant enters a guilty plea in a felony criminal case, the plea must be knowingly, intelligently, and voluntarily made." *State v. Smith*, 12th Dist. Warren Nos. CA2019-10-113 and CA2019-11-121, 2020-Ohio-3074, ¶ 7. "'Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.'" *State v. Tipton*, 12th Dist. Madison No. CA2020-05-011, 2021-Ohio-1128, ¶ 10, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179.

{¶ 10} "'Crim.R. 11(C) prescribes the process that a trial court must use before accepting a plea of guilty to a felony.'" *State v. Gabbard*, 12th Dist. Butler No. CA2020-12-125, 2021-Ohio-3646, ¶ 12, quoting *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, ¶ 11. "The trial court must follow certain procedures and engage the defendant in a detailed colloquy before accepting his or her plea." *Bishop* at ¶ 11. Crim.R. 11(C) "'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.'" *Gabbard* at ¶ 12, quoting *State v. Stone*, 43 Ohio St.2d 163, 168 (1975).

---

1. "We note with disapproval appellant's approach of raising multiple issues that require different legal analyses under a single assignment of error, instead of properly raising each specific issue in separate assignments of error." *State v. Grandstaff*, 12th Dist. Clermont No. CA2021-06-033, 2022-Ohio-47, ¶ 7, fn. 2.

{¶ 11} Appellant first argues that his plea was not knowing, intelligent, or voluntary because he did not understand the degree of offense to which he was pleading. The crux of appellant's argument is that the dismissal of the specification to Count Two and the failure of the trial court to list his prior OVI convictions on the record should have reduced the offense to a first-degree misdemeanor.

{¶ 12} Dismissal of the specification had no effect on the degree of the offense as the specification does not elevate the underlying OVI charge from a first-degree misdemeanor to a fourth-degree felony. Pursuant to R.C. 2941.1413, the specification merely mandated "[i]mposition of a mandatory additional prison term" for conviction of the OVI offense. *See also State v. Burkhart*, 12th Dist. Clermont No. CA2015-01-004, 2015-Ohio-3409, ¶ 32 ("The repeat OVI offender specification in R.C. 2941.1413 is *not* a statute that defines a criminal *offense*") (Emphasis sic.)

{¶ 13} The offense was a fourth-degree felony, not because of the specification, but because R.C. 4511.19(G)(1)(d), provides that,

> an offender who, within ten years of the offense, previously has been convicted of or pleaded guilty to three or four violations of [R.C. 4511.19(A) or (B)] or other equivalent offenses or an offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature is guilty of a felony of the fourth degree.

The First Indictment, as well as the bill of particulars, sufficiently recites allegations separate from the specification, and in language identical to R.C. 4511.19(G)(1)(d), that appellant,

> within ten years of the offense, previously has been convicted of or pleaded guilty to three or four violations of [R.C. 4511.19(A) or (B)] or other equivalent offenses or an offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature.

Thus, dismissal of the specification did not negate the repeat OVI offender element of the underlying OVI offense, reducing the offense to a misdemeanor.

{¶ 14} Appellant argues that the trial court should have advised appellant that the offense remained a fourth-degree felony after dismissal of the specification.  However, the record is clear that the trial court in fact advised appellant multiple times that the offense to which he was pleading guilty was a fourth-degree felony.  At one point, the trial court had the following exchange with appellant:

> THE COURT:  So you're going to be pleading to Count II is my understanding, without a specification, the offense of operating a motor vehicle under the influence of alcohol.  *It's a felony of the fourth degree* in violation of 4511.19(A)(1).  Sir, this offense carries a maximum prison sentence of 30 months, a maximum fine of $10,500, a minimum mandatory fine of $1,350.  It carries a mandatory driver's license suspension, the minimum term of which would be three years, the maximum term of which would be the rest of your life.  And just to be clear, it carries a mandatory prison sentence—a minimum mandatory prison or jail sentence of 60 days.  Do you understand that information?
>
> THE DEFENDANT:  Yes, sir.

(Emphasis added.)  Later, the trial court had the following exchange:

> THE COURT:  On the case ending 055, at this time, Mr. Vaught, as to Count II, the charge of operating a motor vehicle under the influence of alcohol or drugs, *a felony of the fourth degree*, in violation of 4511.19—Is it (A)(1)(a)?
>
> MR. MILLER:  It is, Judge.
>
> MR. PHILLIPS:  Yeah.
>
> THE COURT:  —(A)(1)(a), at this time, sir, how do you wish to plead?
>
> THE DEFENDANT:   Guilty.

(Emphasis added.) Additionally, the Guilty Plea and Jury Waiver signed by appellant further specifies that the offense was a fourth-degree felony.  There is no question that appellant knew precisely the degree of charge to which he was pleading.

{¶ 15} Appellant also argues that the state was required to identify the prior OVI

convictions it was relying upon to elevate the offense to a fourth-degree felony. If the case had proceeded to trial, then the state would have had to prove each of the prior OVI convictions. However, there is no requirement that the prior convictions be specified in the indictment or bill of particulars. Further, prior to entering his guilty plea, appellant stipulated the information set forth in the bill of particulars, which reads, "Defendant operated a motor vehicle under the influence of drugs of abuse and/or alcohol after being convicted of 5 or more OVI's in 20 years." Finally, appellant pleaded guilty. "[A] plea of guilty is a complete admission of the defendant's guilt to the offense or offenses to which the plea is entered." *State v. Chatman*, 12th Dist. Butler No. CA2019-02-034, 2019-Ohio-5026, ¶ 13.

{¶ 16} Appellant makes a similar argument regarding his inability to understand the maximum penalty. Pursuant to R.C. 2929.13(G), if an offender is sentenced for a fourth-degree felony OVI offense and has not pleaded guilty to a specification pursuant to R.C. 2941.1413, the court may impose upon the offender a mandatory term of local incarceration of 60 days or 120 days or a mandatory prison term of the same length. R.C. 2929.13(G)(1) and (2). "If the court imposes a mandatory prison term, * * * it also may sentence the offender to a definite prison term [of] * * * not more than thirty months." R.C. 4511.19(G)(1)(d)(i). The trial court explicitly and correctly informed appellant that the maximum prison sentence available for the offense to which he pleaded guilty was 30 months. Appellant expressly acknowledged an understanding of the maximum prison term on the record during the change of plea hearing. Like appellant's first argument, this argument is also without merit.

### Ineffective Assistance

{¶ 17} Appellant next argues that his trial counsel was ineffective for failing to withdraw his plea prior to sentencing. "In order to prevail on an ineffective assistance of

counsel claim, an appellant must establish that (1) his trial counsel's performance was deficient and (2) such deficiency prejudiced the defense to the point of depriving the appellant of a fair trial." *State v. Holtman*, 12th Dist. Clermont No. CA2018-11-078, 2019-Ohio-3052, ¶ 14. The failure to satisfy either the performance prong or the prejudice prong of the test is fatal to a claim of ineffective assistance of counsel. *State v. Brewer*, 12th Dist. Brown No. CA2020-11-008, 2021-Ohio-2289, ¶ 7.

{¶ 18} In the case sub judice, appellant was not prejudiced by his trial counsel not filing a motion to withdraw appellant's plea prior to sentencing. "'An attorney is not ineffective for failing to make futile requests[.]'" *State v. Brown*, 12th Dist. Clermont No. CA2018-05-027, 2018-Ohio-4939, ¶ 11, quoting *State v. Harrop*, 12th Dist. Fayette No. CA2005-12-036, 2006-Ohio-6080, ¶ 14. As indicated above, the plea was valid and there is no reasonable basis for appellant to credibly maintain that he was unaware that he was pleading guilty to a fourth-degree felony offense and facing a prison term of up to 30 months. Appellant's conduct and his own statements at both the plea and sentencing hearings indicate that he understood the nature of the offense to which he had pleaded as well as the consequences of his plea. Appellant's claim of ineffective assistance of counsel is therefore without merit. Accordingly, appellant's first assignment of error is overruled.

{¶ 19} Assignment of Error No. 2:

{¶ 20} VAUGHT'S CONVICTION FOR FAILURE TO APPEAR BASED UPON THE DEGREE OF THE UNDERLYING FELONY IS VOID.

{¶ 21} Appellant next argues that his plea to the failure to appear charge was not entered knowingly because neither the indictment nor the discussion during the plea hearing identified the fourth-degree felony OVI charge as the underlying felony upon which he failed to appear. Appellant claims that he was not aware his guilty plea was to a fourth-

degree felony offense. Appellant also argues that the indictment defectively charged a fourth-degree felony failure to appear offense by omitting the underlying felony offense upon which it was based and therefore charged him with first-degree misdemeanor failure to appear. These arguments are wholly without merit.

{¶ 22} In a criminal proceeding, "the accused may be released on his own recognizance." R.C. 2937.29. "A failure to appear as required by such recognizance shall constitute an offense." *Id.* "If the release was in connection with a felony charge * * *, failure to appear is a felony of the fourth degree." R.C. 2937.99(B). In the present case, appellant failed to appear at his motion to suppress hearing regarding the charges set forth in the First Indictment. As noted above, these charges contained two felony counts, including the count to which he ultimately pleaded. Consequently, he was charged in the Second Indictment with fourth-degree felony failure to appear.

{¶ 23} As set forth in the discussion of the first assignment of error, there is no legal requirement that the indictment identify the underlying felony which elevates the degree of the charged offense. The indictment is sufficient if it alleges that the underlying offense is a felony. Appellant could have requested a bill of particulars pursuant to Crim.R. 7(E) if he required additional specificity of the conduct he was alleged to have engaged in which made the offense a fourth-degree felony. Appellant did not avail himself of this right and proceeded by entering a guilty plea.

{¶ 24} The indictment clearly stated that the offense for which appellant failed to appear was a felony: "On or about February 25, 2021, in Butler County, Ohio, Robert J. Vaught did fail to appear as required, after having been released pursuant to [R.C. 2937.29], *when the release was in connection with a felony charge.*" (Emphasis added.) The indictment noted that this "constitutes the offense of FAILURE TO APPEAR, a Fourth

Degree Felony, in violation of R.C. § 2937.99."  Appellant's argument that he did not knowingly plead to a fourth-degree felony or that the Second Indictment charged only a first-degree misdemeanor because the indictment did not specify which section of R.C. 2937.99 was at issue also lacks merit.  The plain language of the indictment made clear that the underlying charge was a felony and therefore the penalty could only have been that provided by R.C. 2937.99(B).

{¶ 25} Further, during the plea colloquy, the trial court had the following exchange with appellant:

> THE COURT:  Mr. Vaught, it is my understanding on this new failure-to-appear offense that you wish to enter a plea of guilty. It's the case ending in 0265.
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  It's a charge for failure to appear in violation of 2937.99 of the Ohio Revised Code.  As *a felony of the fourth degree*, it carries up to 18 months in prison and a fine of $5,000 or both.  Do you understand that?
>
> THE DEFENDANT:  Yes, sir.

(Emphasis added.)  Later at the same hearing, the trial court asked appellant, "With respect to the case ending in 0265, Count I, failure to appear, *felony of the fourth degree,* sir, at this time, how do you wish to plead?"  (Emphasis added.)  Appellant responded, "Guilty."

{¶ 26} Appellant's contention that he did not understand the degree of offense to which he was pleading defies belief.  The Second Indictment, the Guilty Plea and Jury Waiver signed by appellant, and the trial court's plea colloquy each noted that the offense was a fourth-degree felony.  Appellant himself acknowledged an understanding that he was pleading to a fourth-degree felony before entering his guilty plea.  As such, there can be no question about the validity of the plea or the effectiveness of the indictment in charging a fourth-degree felony failure to appear offense.  Appellant's second assignment of error is

overruled.

{¶ 27} Judgment affirmed.


PIPER, P.J., and S. POWELL, J., concur.