[Cite as *State v. Reeves*, 2020-Ohio-5565.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2020-01-001 |
| Appellee, | : | O P I N I O N<br>12/7/2020 |
| | : | |
| - vs - | : | |
| | : | |
| VALERIE J. REEVES, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2019CRB03616


D. Vincent Faris, Clermont County Prosecuting Attorney, Nick Horton, 76 South Riverside Drive, 2nd floor, Batavia, Ohio 45103, for appellee

Denise S. Barone, 385 North Street, Batavia, Ohio 45103-3005, for appellant


**M. POWELL, P.J.**

{¶ 1} Appellant, Valerie Reeves, appeals her conviction and sentence in the Clermont County Municipal Court for theft.

{¶ 2} On July 11, 2019, Brittinian Terry ("Terry") went to a laundromat to dry bedding she had recently purchased from Amazon. The bedding consisted of a comforter,

a sheet, and five pillow cases. Terry put the bedding in a dryer, then left the laundromat to run some errands while the bedding dried. When Terry returned to the laundromat a few hours later, she discovered the bedding was gone. A single dryer sheet lay on the floor in front of the dryer she had used for her bedding. Terry called the police. Clermont County Sheriff Deputy Christopher Shouse responded and took a statement from Terry.

{¶ 3} Deputy Shouse obtained the laundromat surveillance videotape for the time period during which Terry's bedding was drying. The videotape shows a woman and a man, later identified as appellant and her husband, folding laundry. Appellant is seen walking offscreen toward the Sunoco gas station and returning with a box of black plastic garbage bags. The gas station is attached to the laundromat and can be accessed through a door between the two businesses. Appellant approaches the dryer containing Terry's bedding, looks toward the front door of the laundromat, and opens the dryer. Appellant is then seen gesturing toward the front door and speaking to her husband. Appellant then removes the bedding from the dryer as a single dryer sheet falls from the dryer onto the floor. Appellant folds the bedding, places it atop a nearby washer, and then returns to the table where her folded laundry is. As appellant puts her laundry into baskets, she is seen continually glancing toward the front door. She then walks back to the folded bedding, puts it in a black garbage bag, and puts the garbage bag into another garbage bag. Appellant and her husband are then seen exiting the laundromat. Appellant is carrying the double garbage bags containing the bedding; her husband is carrying laundry in laundry baskets.

{¶ 4} Based upon the surveillance videotape, Deputy Shouse sent pictures of appellant in a county-wide e-mail in the hopes of obtaining an identification. A few days later, a Clermont County deputy sheriff made a traffic stop of appellant and recognized her as the woman in the laundromat surveillance videotape. The deputy confirmed with appellant that she uses the laundromat in question and obtained her name and contact

information. A few days later, on July 25, 2019, Deputy Shouse went to appellant's house. Appellant greeted the deputy, stating, "I heard you were coming."

{¶ 5} Upon being shown a still photograph taken from the laundromat surveillance videotape, appellant confirmed it was her and her husband in the photograph. Appellant repeatedly and adamantly denied taking anything that did not belong to her, but stated that if she did, she would gladly give it back. Appellant further denied taking the bedding from the dryer. When asked whether she could have taken the bedding by mistake, appellant replied, "No." Appellant alternatively stated she did not have the bedding, she did not take it out of the laundromat, "that's my blanket that I took out of [the dryer]," and that she did not own bedding matching Terry's bedding. Appellant further told Deputy Shouse that "just because I folded [the bedding] that doesn't mean I took them." With appellant's written consent, Deputy Shouse subsequently searched appellant's home and vehicle. No bedding matching Terry's bedding was found by the deputy.

{¶ 6} On August 3, 2019, appellant was charged by complaint with one count of theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree. The matter proceeded to a jury trial in December 2019. Terry and Deputy Shouse testified on behalf of the state. Appellant did not testify on her own behalf or present witnesses in support of her defense.

{¶ 7} Terry testified she did not give appellant or anyone else permission to take her bedding. Deputy Shouse testified that upon comparing the bedding appellant removed from the dryer used by Terry to the bedding purchased by Terry, as shown on the Amazon purchase order provided to the deputy, the bedding was the same, "a definite 100 percent match." He further testified that only the bedding and no other laundry came out of the dryer.

{¶ 8} Following the state's case-in-chief, appellant moved for acquittal pursuant to

Crim.R. 29. The motion was denied by the trial court. On December 17, 2019, the jury found appellant guilty as charged. The trial court sentenced appellant to 60 days in jail, with 30 days suspended, and two years of community control. Appellant was further required to complete 24 hours of community service, fined $100, and ordered to pay restitution.

{¶ 9} Appellant now appeals, raising five assignments of error.[1]

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY REFUSING TO ALLOW AN AFFIRMATIVE DEFENSE OF ABANDONMENT TO BE PRESENTED TO THE JURY.

{¶ 12} Appellant argues the trial court erred by failing to instruct the jury on the affirmative defense of abandonment. Appellant asserts that Terry's failure to label her bedding with her name, the fact that laundromats are places open to the public, and the fact Terry left her bedding unattended for several hours supported a jury instruction on abandonment.

{¶ 13} Appellant did not request a jury instruction on abandonment, thereby waiving all but plain error. *State v. Brown*, 12th Dist. Clermont No. CA2018-05-027, 2018-Ohio-4939, ¶ 15. Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would

---

1. We note with disapproval appellant's approach of raising issues that require different legal analyses under her second and fourth assignments of error, instead of properly raising each specific issue in separate assignments of error. *See* Loc.R. 11(B)(3); *State v. Harner*, 12th Dist. Brown No. CA2019-10-012, 2020-Ohio-3071, ¶ 6, fn. 2. "App.R. 16(A)(7) requires separate arguments for each assignment of error. While appellate courts may jointly consider two or more assignments of error, the parties do not have the same option in presenting their arguments." *Keffer v. Cent. Mut. Ins. Co.*, 4th Dist. Vinton No. 06CA652, 2007-Ohio-3984, ¶ 8, fn. 2; *State v. Dukes*, 4th Dist. Scioto Nos. 16CA3745 and 16CA3760, 2017-Ohio-7204, ¶ 59. Consequently, we rearrange appellant's foregoing assignments of error and construe her second assignment of error as an insufficiency and manifest weight of the evidence challenge and her fourth assignment of error as an ineffective assistance of counsel challenge.

clearly have been otherwise." *State v. Biros*, 78 Ohio St.3d 426, 436, 1997-Ohio-204. This court should notice plain error with the utmost caution, under exceptional circumstances and only to prevent a miscarriage of justice. *Brown* at ¶ 15.

{¶ 14} Moreover, a trial court does not err in failing to instruct the jury on an affirmative defense where the evidence is insufficient to support the instruction. *State v. Palmer*, 80 Ohio St.3d 543, 564, 1997-Ohio-312; *State v. Davis*, 12th Dist. Madison No. CA2015-05-015, 2016-Ohio-1166, ¶ 35.

{¶ 15} A defendant cannot be convicted of theft if he or she can show that (1) the owner of the property actually abandoned the property, or (2) the accused reasonably believed that the property had been abandoned. *State v. Noe*, 12th Dist. Butler No. CA2008-08-182, 2009-Ohio-2802, ¶ 9. The word "abandonment" has been described by this court as an "'absolute unequivocal relinquishment of a right or status without regard to self or any other person[,]'" and "'a virtual throwing away without regard as to who may take over or carry on.'" *Hamilton v. Harville*, 63 Ohio App.3d 27, 29-30 (12th Dist.1989), quoting *Davis v. Suggs*, 10 Ohio App.3d 50, 52 (12th Dist.1983). Abandonment requires affirmative proof of the intent to abandon coupled with acts or omissions implementing the intent. *Noe* at ¶ 9. Mere non-use is not sufficient in itself to establish abandonment, absent other evidence tending to prove the intent to abandon. *Harville* at 30.

{¶ 16} We find no plain error in the lack of a jury instruction on the affirmative defense of abandonment because the evidence did not support such instruction. As to actual abandonment, the evidence shows that Terry used a dryer sheet and paid to have the bedding dried, an action that is inconsistent with an intent to abandon the bedding. This same factor is also relevant to whether appellant reasonably believed the bedding had been abandoned, as one would not reasonably believe that the owner of the bedding would pay to dry bedding the owner intended to abandon. Furthermore, appellant's statements to

Deputy Shouse do not support that she reasonably believed the bedding had been abandoned. Appellant never told the deputy that she believed the bedding had been abandoned. Rather, appellant told the deputy that the bedding was hers and that she did not take it by mistake before also suggesting she only folded the bedding and did not remove it from the laundromat.

{¶ 17} Appellant's first assignment of error is overruled.

{¶ 18} Assignment of Error No. 2:

{¶ 19} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN REFUSING TO GRANT HER CRIMINAL RULE 29 MOTION FOR ACQUITTAL. THE VERDICT WAS AGAINST THE SUFFICIENCY OF THE EVIDENCE. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT ALLOWED THE JURY VERDICT TO STAND.

{¶ 20} Appellant summarily argues that (1) the trial court erred in denying her Crim.R. 29(A) motion for acquittal, (2) her theft conviction is not supported by sufficient evidence because "[t]here was room for doubt in the facts of this case," and (3) the jury verdict was contrary to the manifest weight of the evidence.

{¶ 21} App.R. 16(A)(7) requires an appellant's brief to contain "the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Thus, an appellant must indicate to the appellate court specifically where the alleged errors may be located in the record. *State v. Gulley*, 12th Dist. Clermont No. CA2005-07-066, 2006-Ohio-2023, ¶ 28. This court may disregard an assignment of error if a party fails to identify in the record the error on which the assignment of error is based as required by App.R. 16(A). *Id.*; App.R. 12(A)(2). "It is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to

any alleged error." *State v. Watson*, 126 Ohio App.3d 316, 321 (12th Dist.1998). An appellate court is not a performing bear, required to dance to each and every tune played on an appeal. *Gulley* at ¶ 28. Appellant's second assignment of error is accordingly overruled.

{¶ 22} Assignment of Error No. 3:

{¶ 23} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT REFUSED TO ALLOW DEFENSE COUNSEL TO PRESENT A LIMITING INSTRUCTION TO THE JURY.

{¶ 24} Appellant argues the trial court erred by failing to instruct the jury on the affirmative defense of mistake of fact. The record shows that defense counsel objected to the trial court's intention to omit a jury instruction on mistake of fact. Defense counsel argued that the instruction was warranted because appellant may have mistakenly believed the bedding was hers. The trial court overruled the objection because appellant denied she took the bedding by mistake in her statements to Deputy Shouse.

{¶ 25} Appellant was charged with theft in violation of R.C. 2913.02(A)(1), which prohibits anyone, with purpose to deprive the owner of property, from knowingly obtaining or exerting control over the property without the consent of the owner. Generally, "mistake of fact is a defense if it negates a mental state required to establish an element of a crime[.]" *State v. Pecora*, 87 Ohio App.3d 687, 690 (9th Dist.1993). Mistake of fact can, in appropriate circumstances, negate the knowingly element of a specific intent crime such as theft. *Columbus v. Harbuck*, 10th Dist. Franklin No. 99AP-1420, 2000 Ohio App. LEXIS 5543, *12 (Nov. 30, 2000); *State v. Crisp*, 10th Dist. Franklin No. 06AP-146, 2006-Ohio-5041, ¶ 10.

{¶ 26} "A trial court is not required to instruct the jury on [an affirmative defense] in every case where it is attempted to be presented. The defendant must first present

sufficient evidence at trial to warrant such an instruction." *State v. Napier*, 12th Dist. Clermont No. CA2016-04-022, 2017-Ohio-246, ¶ 27. "In reviewing the record to ascertain the presence of sufficient evidence to support the giving of a proposed jury instruction, an appellate court should determine whether the record contains evidence from which reasonable minds might reach the conclusion sought by the instruction." *Davis*, 2016-Ohio-1166 at ¶ 35. If the trial court finds that the evidence is legally insufficient to raise the issue, it will remove the issue from jury consideration. *Napier* at ¶ 27. We review this decision for an abuse of discretion. *Id.*

{¶ 27} We find no abuse of discretion in the trial court's refusal to instruct the jury on the affirmative defense of mistake of fact because appellant has failed to show such a jury instruction was required in light of the evidence presented at trial. Appellant did not testify at trial or present witnesses in support of her defense. Thus, the only evidence she took the bedding in the mistaken belief it belonged to her must be implied from her statement to Deputy Shouse that everything she took from the laundromat belonged to her. However, appellant also categorically denied she removed the bedding from the laundromat, explicitly denied taking the bedding by mistake, and further confirmed she does not own bedding matching the description of Terry's bedding. Accordingly, the mistake of fact defense was not warranted and the trial court did not err in failing to incorporate such defense into the jury instructions. *See State v. Jackson*, 9th Dist. Wayne No. 2754, 1994 Ohio App. LEXIS 1997 (May 4, 1994).

{¶ 28} Appellant's third assignment of error is overruled.

{¶ 29} Assignment of Error No. 4:

{¶ 30} APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

{¶ 31} Appellant argues her trial counsel was ineffective because he (1) made a pro

forma motion for acquittal under Crim.R. 29(A) and failed to argue the motion, (2) did not cross-examine Terry regarding whether she had put her name on the bedding and why she was away from the laundromat for three hours, and (3) failed to request a jury instruction on the lesser included offense of unauthorized use.

{¶ 32} To prevail on her ineffective assistance of counsel claim, appellant must show that her trial counsel's performance was deficient and that she was prejudiced as a result. *State v. Harner*, 12th Dist. Brown No. CA2019-10-012, 2020-Ohio-3071, ¶ 32; *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S. Ct. 2052 (1984). Trial counsel's performance will not be deemed deficient unless it fell below an objective standard of reasonableness. *Strickland* at 688. To show prejudice, appellant must establish that, but for her trial counsel's errors, there is a reasonable probability that the result of her trial would have been different. *Id.* at 694. An appellate court must give wide deference to the strategic and tactical choices made by trial counsel in determining whether counsel's performance was constitutionally ineffective. *Id.* at 689. The failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim. *Harner* at ¶ 32.

{¶ 33} Trial counsel was not ineffective in the manner he made the Crim.R. 29(A) motion for acquittal after the state's case-in-chief. "As a general matter, the failure of trial counsel to make a Crim.R. 29 motion does not constitute ineffective assistance of counsel when the state's case-in-chief links the defendant to the crimes of which he or she is accused." *State v. Walker*, 10th Dist. Franklin No. 04AP-813, 2005-Ohio-6365, ¶ 59. "Hence, if the state's case-in-chief links the defendant to the crimes of which he or she is accused, ineffective assistance of counsel is not shown where defense counsel fails to fully argue a Crim.R. 29 motion for acquittal." *Id.* A review of the record shows that prior to the motion, through Deputy Shouse's testimony, the state's case-in-chief did link appellant to the crime she had been charged with and presented sufficient evidence to submit the matter

to the jury; therefore, ineffective assistance of counsel has not been shown in relation to the Crim.R. 29 motion. *Id.*

{¶ 34} Trial counsel was not ineffective in his cross-examination of Terry. Contrary to appellant's assertion, trial counsel did ask Terry whether she puts any identification mark on bedding she purchases, including the bedding at issue here. While trial counsel failed to cross-examine Terry as to why she was away from the laundromat for three hours, Terry testified on direct examination that she "had to go to Lowes and it's a little bit of a drive[.]" It is well established that the manner trial counsel chooses to cross-examine the state's witnesses is a matter of trial strategy, and in fact, limited or no cross-examination of a witness may be the best strategy. *State v. Petit*, 12th Dist. Madison No. CA2016-01-005, 2017-Ohio-633, ¶ 49; *State v. Otte*, 74 Ohio St.3d 555, 565, 1996-Ohio-108 (cross-examining a witness can backfire). Furthermore, as this court has consistently held, debatable trial tactics and strategies do not establish ineffective assistance of counsel. *State v. Burns*, 12th Dist. Clinton No. CA2013-10-019, 2014-Ohio-4625, ¶ 9; *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, ¶ 146. We further note that appellant does not explain how she was prejudiced by the manner trial counsel cross-examined Terry. Had trial counsel asked more or different questions, there is no indication that the answers would have been helpful to appellant's defense, or that further cross-examination would have resulted in a not-guilty verdict. Accordingly, appellant did not receive ineffective assistance of counsel during trial counsel's cross-examination of the state's witness. *Petit* at ¶ 52.

{¶ 35} In support of her argument that trial counsel was ineffective for failing to request a jury instruction on the lesser included offense of unauthorized use, appellant cites R.C. 2913.03 and quotes the statute almost in its entirety. R.C. 2913.03 sets forth the elements of the offense of unauthorized use of a *vehicle* as well as the affirmative defenses to a charge under this statute and applies solely to the unauthorized use of "an aircraft,

motor vehicle, motorcycle, motorboat, or other motor-propelled vehicle[.]"  The property at issue here is bedding, not a vehicle.

{¶ 36}  Furthermore, "[a] jury instruction on a lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal of the crime charged and a conviction on the lesser included offense."  *State v. Tolle*, 12th Dist. Clermont No. CA2014-06-042, 2015-Ohio-1414, ¶ 11.  Appellant does not explain how she was prejudiced by trial counsel's failure to request a jury instruction on the lesser included offense of unauthorized use.  Furthermore, appellant makes no argument suggesting how the evidence would reasonably support an acquittal for theft but a conviction for unauthorized use of property.  We also note that prior to trial, the state offered to amend the theft charge to an unauthorized use of property charge in exchange for a guilty plea, however, appellant rejected the plea offer.  In light of the foregoing, trial counsel was not ineffective in failing to request a jury instruction on the lesser included offense of unauthorized use.

{¶ 37}  Appellant's fourth assignment of error is overruled.

{¶ 38}  Assignment of Error No. 5:

{¶ 39}  THE TRIAL COURT ERRED TO THE PREJUDICE OF VALERIE REEVES IN SENTENCING HER TO SERVE THIRTY DAYS IN JAIL.

{¶ 40}  Appellant argues that her 30-day jail sentence for a first conviction of theft for an item worth only $60 is excessive.  Appellant further argues that while the trial court did not make any inappropriate statements at sentencing, it nevertheless punished her for exercising her right to a jury trial.

{¶ 41}  We review a trial court's sentence on a misdemeanor violation under an abuse of discretion standard.  *State v. Kinsworthy*, 12th Dist. Warren No. CA2013-06-060, 2014-Ohio-2238, ¶ 31.

{¶ 42} Pursuant to R.C. 2929.21 and 2929.22, trial courts have broad discretion when determining what sentence is appropriate for each given misdemeanor case. When determining the appropriate sentence, the trial court must be guided by the purposes of misdemeanor sentencing which are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). The trial court must also consider the factors listed in R.C. 2929.22(B)(1), including the nature and circumstances of the offense, and may consider any other factors that are relevant to achieving the purposes and principles of misdemeanor sentencing. R.C. 2929.22(B)(2). "Although it is preferable that the trial court affirmatively state on the record that it has considered the criteria set forth in R.C. 2929.21 and R.C. 2929.22, the statute does not mandate that the record state that the trial court considered the applicable statutory factors." *Kinsworthy* at ¶ 30. A trial court is presumed to have considered the statutory factors when the sentence is within the statutory limits and there is no affirmative showing that the trial court failed to do so. *Id.*

{¶ 43} The sentence imposed on appellant falls within the statutory limits under R.C. 2929.24(A)(1). The record indicates that the trial court considered the purposes of misdemeanor sentencing under R.C. 2929.21, the factors listed in R.C. 2929.22, and "the actions of [appellant] as the events unfolded." The trial court found appellant's offense to be serious because it involved the theft of an individual's personal property, thus implicating the individual's privacy. Appellant declined to exercise her right to allocution and with it, the opportunity to plead her case and express remorse prior to her sentencing. Additionally, the record shows that appellant never accepted responsibility for her conduct. "Acceptance of responsibility is an appropriate sentencing consideration." *State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, ¶ 17. In light of the foregoing, appellant's sentence is not excessive and the trial court did not abuse its discretion in sentencing appellant to 60 days in jail, with 30 days suspended.

{¶ 44} Appellant further argues the trial court punished her for exercising her right to a jury trial.

{¶ 45} "[A] defendant is guaranteed the right to a trial and should never be punished for exercising that right[.]" *State v. O'Dell*, 45 Ohio St.3d 140, 147 (1989); *State v. Noble*, 12th Dist. Warren No. CA2014-06-080, 2015-Ohio-652, ¶ 11. "[A] sentence vindictively imposed on a defendant for exercising his constitutional right to a jury trial is contrary to law," "regardless of whether the evidence of his guilt is said to be overwhelming." *Rahab*, 2017-Ohio-1401 at ¶ 8; *Noble* at ¶ 11. Moreover, it is improper for a trial court to create the mere appearance that it has increased a defendant's sentence because the defendant has elected to put the government to its proof. *Noble* at ¶ 12. A court may not make statements from which someone may infer that a defendant may have been punished for pursuing a jury trial. *Id.* The appearance of a trial tax is impermissible as it creates a chilling effect on one's constitutional right to trial. *Id.*

{¶ 46} Upon reviewing the record, we find that the trial court did not impose an increased sentence in retaliation for appellant pursuing a jury trial. Appellant does not identify what evidence supports her claim that the trial court imposed an improper trial tax and in fact, admits that the trial court did not make any inappropriate statements at sentencing. Nothing in the record indicates or suggests that the trial court based its sentence upon appellant's decision to go to trial. In particular, unlike the lower court in *Noble*, the trial court never commented on appellant's choice to proceed to trial. *Noble* at ¶ 13 (trial court chastising the defendant for wasting the jury's time with his trial, commenting on the defendant's decision to take a shot and hope the jury was "dumb enough to buy some of these nonsensical arguments," and refusing to give the defendant any benefit of leniency).

{¶ 47} Appellant's fifth assignment of error is accordingly overruled.

{¶ 48} Judgment affirmed.

RINGLAND and PIPER, JJ., concur.