[Cite as *State v. Brewer*, 2021-Ohio-2289.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-11-008 |
| | : | O P I N I O N |
| - vs - | | 7/6/2021 |
| | : | |
| AMBER BREWER, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. CRI2020-2098

Zachary A. Corbin, Brown County Prosecuting Attorney, Mary McMullen, 740 Mt. Orab Pike, Suite 1, Georgetown, Ohio 45121, for appellee

Peter Galyardt, Assistant Ohio Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215, for appellant

**HENDRICKSON, J.**

{¶1} Appellant, Amber Brewer, appeals from her convictions in the Brown County Court of Common Pleas for multiple counts of rape of a child less than ten years of age. For the reasons discussed below, we affirm her convictions.

{¶2} On June 4, 2020, appellant was indicted on ten counts of rape of a child less than ten years of age in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree. She

was further indicted on four counts of endangering children in violation of R.C. 2919.22(B)(5), one count of the illegal use of a minor in a nudity-oriented material or performance in violation of R.C. 2907.323(A)(1), nine counts of the illegal use of a minor in a nudity-oriented material or performance in violation of R.C. 2907.323(A)(2), five counts of pandering sexually-oriented matter involving a minor in violation of R.C. 2907.322(A)(1), and three counts of felonious assault with a sexual motivation specification in violation of R.C. 2903.11(A)(1), all felonies of the second degree. The charges arose out of allegations that between January 1, 2019 and May 11, 2020, appellant and her boyfriend sexually abused three minor females, who were between the ages of four and eight, as well as a three-year-old boy. In addition to engaging in oral and penetrative sex with the minors, during which time sexual toys and other objects were used, appellant and her boyfriend also videotaped and took photographs of the abuse. The photographs and recordings were then sent back and forth between appellant and her boyfriend for the purpose of sexually arousing one another.

{¶3} On September 18, 2020, following plea negotiations, appellant entered guilty pleas to four counts of rape of a child less than ten years of age in exchange for the remaining 28 offenses being dismissed. After engaging appellant in a Crim.R. 11(C) plea colloquy, the trial court accepted appellant's guilty plea and found that the plea was knowingly, intelligently, and voluntarily entered. The court proceeded to sentence appellant to life in prison without the possibility of parole on each rape count and ran the sentences consecutively to one another. Appellant was also classified as a Tier III sex offender.

{¶4} Appellant filed a delayed appeal, raising the following assignment of error:

{¶5} AMBER BREWER RECEIVED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL [IN VIOLATION OF THE] FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS [OF THE] UNITED STATES CONSTITUTION, ARTICLE

I, SECTIONS 10 AND 16 [OF THE] OHIO CONSTITUTION, AND *UNITED STATES V. CRONIC*, 466 U.S. 648, 104 S.CT. 2039 (1984).

{¶6} Appellant argues defense counsel "failed to function in any meaningful sense as the prosecution's adversary," thereby depriving her of her constitutional right to effective representation by counsel. Appellant contends counsel was deficient for not presenting any mitigation argument at sentencing and for failing to seek a psychological evaluation to ensure that she was not legally insane at the time of the crimes and that she understood the consequences of entering a guilty plea. Citing *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039 (1984), appellant contends that prejudice should be presumed.

{¶7} To prevail on an ineffective assistance of counsel claim, "a defendant ordinarily must establish both that counsel performed deficiently and that the defendant was prejudiced by the deficient performance." *State v. Spaulding*, 151 Ohio St.3d 378, 2016-Ohio-8126, ¶ 56, citing *Strickland v. Washington*, 466 U.S. 668, 686 and 694, 104 S.Ct. 2052 (1984). The failure to satisfy either the deficiency prong or the prejudice prong of the test is fatal to a claim of ineffective assistance of counsel. *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000).

{¶8} The United States Supreme Court, however, has recognized that some circumstances are so likely to prejudice the defendant that no showing of prejudice is necessary. *See Cronic* at 659-661. These circumstances include the complete denial of counsel at a critical stage of the proceeding, the complete failure of counsel to subject the prosecution's case to meaningful adversarial testing, counsel's active representation of conflicting interests, and situations where defense counsel was appointed only a few minutes before trial commenced. *State v. Sanders*, 92 Ohio St.3d 245, 277 (2001), citing *Cronic* at 659-661.

{¶9} "'Apart from circumstances of that magnitude, however, there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt.'" *Id.*, quoting *Cronic* at 659, fn. 26. The United State Supreme Court later emphasized that where a defendant is claiming the *Cronic* presumption of prejudice exception should apply due to counsel's alleged failure to subject the prosecution's case to meaningful adversarial testing, the defendant must establish a *complete failure*. *Bell v. Cone*, 535 U.S. 685, 696-697, 122 S.Ct. 1843 (2002). "When we spoke in *Cronic* of the possibility of presuming prejudice based on an attorney's failure to test the prosecutor's case, we indicated that the attorney's failure must be complete. We stated, 'if counsel *entirely* fails to subject the prosecution's case to meaningful adversarial testing.'" (Emphasis added). *Bell* at 696-697, quoting *Cronic* at 659.

{¶10} Appellant has not established that her trial counsel completely failed to test the prosecution's case. Appellant's trial counsel (1) engaged in discovery, (2) requested a bill of particulars, (3) attended pretrial hearings, (4) engaged in plea negotiations with the state to the benefit of appellant, (5) answered all of appellant's questions regarding the effect of her guilty plea; and (6) was present and participated at the plea and sentencing hearing. Consequently, the case at bar is not one of the extremely rare situations in which a defendant's trial counsel completely failed to test the prosecution's case. *See State v. Guysinger*, 4th Dist. Ross No. 15CA3514, 2017-Ohio-1167, ¶ 25 (rejecting a claim that the court should apply *Cronic* and presume prejudice); *State v. Campbell*, 8th Dist. Cuyahoga Nos. 100246 and 100247, 2014-Ohio-2181, ¶ 26, fn.12 (finding that *Cronic* did not apply). As the *Cronic* exception to the general ineffective-assistance-of-counsel test does not apply, appellant must show prejudice in addition to counsel's deficient performance to

prevail on her ineffective assistance of counsel claim. *See Cronic* at 666, fn. 41, citing to *Strickland v. Washington*, 466 U.S. at 693-696; *Guysinger* at ¶ 26.

{¶11} We now turn to appellant's claims that counsel provided ineffective assistance by not seeking a psychological evaluation of appellant and by not presenting mitigation evidence at sentencing. In doing so, we note that "[t]rial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance." *State v. Smith*, 12th Dist. Fayette No. CA2006-08-030, 2009-Ohio-197, ¶ 49. "Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time." *State v. Lampley*, 12th Dist. Butler No. CA2011-03-046, 2011-Ohio-6349, ¶ 21.

{¶12} It is generally recognized that "a trial counsel's failure to seek a competency evaluation or to pursue an insanity defense is not, per se, ineffective assistance of counsel." *State v. Smith*, 9th Dist. Summit No. 24382, 2009-Ohio-1497, ¶ 10. It is only where the facts and circumstances indicate appellant did not understand the nature and objective of the proceedings and was incapable of assisting in her defense or otherwise indicate that a plea of not guilty by reason of insanity would have a reasonable probability of success that it is ineffective assistance of counsel to fail to pursue such a defense strategy. *Id.*; *Lampley* at ¶ 20-22.

{¶13} In the present case, appellant did not display any indicia of incompetency to warrant a competency hearing and there is nothing in the record to indicate she suffered from any form of severe mental disease or defect. While the offenses appellant committed upon the four minor victims are heinous and unconscionable, there is nothing in the record to indicate appellant failed to understand or appreciate the nature of her actions. Moreover, the record indicates appellant was lucid and able to participate in her defense and case. Accordingly, as the record is devoid of any evidence even remotely implying appellant

suffered from incompetency or insanity, her trial counsel's failure to request the trial court order a competency evaluation or psychiatric examination does not constitute deficient performance. *State v. Rodriguez*, 12th Dist. Butler No. CA2008-07-162, 2009-Ohio-4460, ¶ 70.

{¶14} We further find that counsel's decision not to present mitigation evidence at sentencing did not amount to ineffective assistance. In general, the extent to which counsel presents mitigation evidence at a sentencing hearing is a matter of trial strategy. *State v. Gleckler*, 12th Dist. Clermont No. CA2009-03-021, 2010-Ohio-496, ¶ 14. *See also State v. Tinsley*, 8th Dist. Cuyahoga No. 105551, 2018-Ohio-278, ¶ 17, citing *State v. Cossack*, 7th Dist. Mahoning No. 08 MA 161, 2009-Ohio-3327, ¶ 36. "[E]ven debatable trial tactics and strategies do not establish ineffective assistance of counsel." *State v. Cunningham*, 12th Dist. Butler No. CA2017-03-034, 2018-Ohio-912, ¶ 25.

{¶15} The record reflects that appellant elected not to speak on her own behalf at sentencing. Furthermore, when it was time for defense counsel to speak, defense counsel indicated appellant did not wish for counsel to convey anything to the court in mitigation.[1] Even if we assume counsel's failure to offer any mitigating arguments amounted to a deficient performance under *Strickland*, we are unable to find that appellant was prejudiced as nothing in record indicates that the trial court would have sentenced appellant any differently than it did had counsel offered mitigating circumstances. *See State v. McIntosh*, 12th Dist. Butler Nos. CA2006-03-051, CA2006-10-282, and CA2007-10-41, 2008-Ohio-

---

1. The following discussion occurred at sentencing:

> THE COURT: Anything that you would like to say, [defense counsel]?
>
> [DEFENSE COUNSEL]: I've spoke to my client, Your Honor, and – and she has nothing that she wants me to convey to the Court.
>
> THE COURT: [Appellant], anything that you wanted to say?
>
> [APPELLANT]: No.

5540, ¶ 41-42 (finding no merit to a defendant's ineffective assistance of counsel claim where trial counsel failed to present any mitigating evidence at sentencing).

{¶16} Appellant has not specifically stated how she was prejudiced. The trial court considered the facts of the case, as admitted by appellant when she pled guilty to the charges, and heard from the victims' families and the prosecutor. The court noted that the offenses appellant committed were "reprehensible," "horrific," and "shocking to the conscience of th[e] Court." Not only did appellant abuse her position of trust by raping and sexually assaulting three young females, but she also abused another child when the child was asleep and she had the opportunity to be alone with him. Appellant encouraged her boyfriend to commit violent sexual acts against the children. She then filmed and photographed the abuse and shared the recordings and photographs with her boyfriend in order to sexually arouse them both. Considering the nature of the charges and the danger appellant poised to the public, nothing indicates that trial counsel could have done anything differently to change the outcome of sentencing. The penalty of consecutive life sentences without the possibility of parole was authorized by law and was more than warranted under the circumstances presented by this case. As such, appellant is unable to show prejudice and her claim of ineffective assistance of counsel fails.

{¶17} Accordingly, for the reasons stated above, we find no merit to appellant's claims of ineffective assistance of counsel. Appellant's sole assignment of error is overruled.

{¶18} Judgment affirmed.

S. POWELL, P.J, and BYRNE, J., concur.