[Cite as *State v. Grandstaff*, 2022-Ohio-47.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-06-033 |
| | : | |
| - vs - | : | O P I N I O N |
| | : | 1/10/2022 |
| MICHELLE L. GRANDSTAFF, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2020 CRB 1556 E

Mark Tekulve, Clermont County Prosecuting Attorney, and Katherine Terpstra, Assistant Prosecuting Attorney, for Appellee

Denise S. Barone, for Appellant

**PIPER, P.J.**

{¶ 1}　Appellant, Michelle L. Grandstaff, appeals her sentence in the Clermont County Municipal Court.[1]

{¶ 2}　On April 28, 2020, the Chief Dog Warden was alerted that there were several

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar for the purposes of issuing this written decision.

dogs at appellant's residence that appeared to lack adequate food, water, and shelter. The warden obtained a search warrant for the residence and discovered eighteen canines living in and around the residence in "deplorable conditions." The eighteen canines were suffering from medical issues as a result of their living conditions and were seized by the warden.

{¶ 3} On May 14, 2020, Grandstaff was charged in the Clermont County Municipal Court with eighteen counts of Cruelty to a Companion Animal in violation of R.C. 959.131(D)(2), each count related to one of the dogs seized. On August 27, 2020, Grandstaff entered no contest pleas to three of the eighteen counts and was found guilty of the three counts, the remainder of the charges being dismissed. The case was continued for the purpose of determining restitution prior to sentencing.

{¶ 4} On September 23, 2020, Grandstaff failed to appear at her sentencing hearing and a bench warrant was issued for her arrest. Grandstaff was not apprehended on the bench warrant until May 17, 2021. Upon appearing in court, it was ordered she be held in the Clermont County Jail without bond until sentencing. Grandstaff was sentenced to 60 days of incarceration on each of the three charges, with each sentence to run consecutive, for a total sentence of 180 days. Grandstaff now appeals, raising the following assignment of error.

{¶ 5} Assignment of Error:

{¶ 6} THE TRIAL COURT ERRED TO THE PREJUDICE OF MICHELLE GRANDSTAFF BY ISSUING A SENTENCE OF ONE HUNDRED EIGHTY DAYS.

{¶ 7} Within her sole assignment of error, Grandstaff presents three separate arguments: 1) that the absence of a presentence investigation ("PSI") rendered her sentences erroneous; 2) that her attorney was ineffective; and 3) the trial court abused its

discretion by sentencing her to serve jail time rather than probation.[2] We will address these arguments out of order for the sake of clarity.

### Presentence Investigation

{¶ 8} Grandstaff first argues that it was improper for the trial court to sentence her without ordering a presentence investigation.

{¶ 9} Crim.R. 32.2 states that "the court shall, in felony cases, order a presentence investigation and report," while "[i]n misdemeanor cases the court may order a presentence investigation before granting probation." Crim.R. 32.2 "does not mandate a presentence investigation and report except in a felony case in which an offender is sentenced to community control sanctions." *State v. Pottorf*, 12th Dist. Warren No. CA2014-03-046, 2014-Ohio-5399, ¶ 24. In all other cases, the decision whether or not to order a PSI is left to the trial court's sound discretion. *State v. Toles*, 12th Dist. Madison No. CA2019-07-018, 2020-Ohio-4267, ¶ 42.

{¶ 10} In this case, Grandstaff was convicted of three offenses and sentenced to serve a combined total of 180 days in the Clermont County Jail. All three convictions were second degree misdemeanors, and no probation was ordered as part of the sentence. We note Grandstaff never requested a PSI at her plea, or when her sentencing was rescheduled. Not only is this not a felony case, there was no imposition of community control or probation. *State v. Powers*, 12th Dist. Clermont No. CA2021-06-026, 2021-Ohio-4357, ¶ 25, fn. 1. As such, the trial court did not abuse its discretion by not ordering a presentence investigation report on Grandstaff.

---

2. We note with disapproval appellant's approach of raising multiple issues that require different legal analyses under a single assignment of error, instead of properly raising each specific issue in separate assignments of error. *State v. Reeves*, 12th Dist. Clermont No. CA2020-01-001, 2020-Ohio-5565, ¶ 9, fn. 1.

Probation

{¶ 11} Grandstaff next asserts that the trial court abused its discretion by denying her request for probation and instead imposing jail time. However, she articulates no argument and offers no authority to justify this assertion. Grandstaff merely declares that "the trial court failed to take into consideration the mitigating factors shared with the court" before sentencing. Grandstaff fails to specify the nature or significance of any identified mitigating factor.

{¶ 12} We review a trial court's sentence on a misdemeanor violation under an abuse of discretion standard. *State v. Fluhart*, 12th Dist. Clermont No. 2020-12-068, 2021-Ohio-3560, ¶ 40. An abuse of discretion implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Kinsworthy*, 12th Dist. Warren No. CA2013-06-060, 2014-Ohio-2238, ¶ 31.

{¶ 13} Pursuant to R.C. 2929.21 and 2929.22, trial courts have broad discretion when determining what sentence is appropriate for each given misdemeanor case. *State v. Fisher*, 12th Dist. Clermont No. CA2019-10-080, 2020-Ohio-3764, ¶ 11. When determining the appropriate sentence, the trial court must be guided by the purposes of misdemeanor sentencing which are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). The trial court must also consider the factors listed in R.C. 2929.22(B)(1), including the nature and circumstances of the offense, and may consider any other factors that are relevant to achieving the purposes and principles of misdemeanor sentencing. R.C. 2929.22(B)(2).

{¶ 14} "'Although it is preferable that the trial court affirmatively state on the record that it has considered the criteria set forth in R.C. 2929.22, the statute does not mandate that the record state that the trial court considered the applicable statutory factors.'" *State v. Jezioro*, 12th Dist. Warren No. CA2016-10-088, 2017-Ohio-2587, ¶ 7, quoting *State v.*

- 4 -

*Wisby*, 12th Dist. Clermont No. CA2012-06-049, 2013-Ohio-1307, ¶ 30. "A trial court is presumed to have considered the statutory factors when the sentence is within the statutory limits and there is no affirmative showing that the trial court failed to do so." *State v. Reeves*, 12th Dist. Clermont No. CA2021-06-026, 2020-Ohio-5565, at ¶ 42.

{¶ 15} Here, the trial court's sentence of 60 days for each offense was well within the statutory limits for second degree misdemeanor sentencing. R.C. 2929.24(A)(2). Further, there is no indication in either the record or Grandstaff's brief that the trial court failed to consider the misdemeanor sentencing considerations described in R.C. 2929.21 and 2929.22. In fact, the trial court expressly stated that it had "considered the purposes and principles of sentencing." It further noted Grandstaff's noncompliance and lack of respect for the court's authority, indicating that, "one of the things that I consider when trying to decide to place somebody on probation is whether or not they're going to show up. Because if you don't show up, you're never going to be successful on probation." We therefore find that the trial court did not abuse its discretion in denying Grandstaff's request for probation in lieu of jail time.

Ineffective Assistance

{¶ 16} Finally, Grandstaff asserts that her attorney was ineffective because "it is not abundantly clear" what her attorney "was referring to during sentencing." Grandstaff offers no argument in support of this assertion. Instead, she merely suggests that her attorney's usage of the phrase "self-imposed punishment" to describe the jail time that followed Grandstaff's arrest for failure to attend her sentencing was "not clear," and that her attorney's assistance was thereby ineffective.

{¶ 17} "'In order to prevail on an ineffective-assistance-of-counsel claim, a defendant must prove that counsel's performance was deficient and that the defendant was prejudiced by counsel's deficient performance.'" *State v. Combs*, 12th Dist. Clermont No. CA2020-01-

004, 2020-Ohio-5397, ¶ 22, quoting *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, ¶ 10. The failure to satisfy either the deficiency prong or the prejudice prong of the test is fatal to a claim of ineffective assistance of counsel. *State v. Brewer*, 12th Dist. Brown No. CA2020-11-008, 2021-Ohio-2289, ¶ 7. "'[T]rial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance.'" *Id.*, quoting *State v. Smith*, 12th Dist. Fayette No. CA2006-08-030, 2009-Ohio-197, ¶ 49.

{¶ 18} The sole aspect Grandstaff highlights in an attempt to support her claim of ineffective assistance of counsel at sentencing is her attorney's effort at mitigation. Her attorney noted that in his opinion, the time Grandstaff spent in jail following her arrest on a warrant for failure to appear at her previously scheduled sentencing constituted a "self-imposed punishment," and that by missing court and spending additional time in custody, Grandstaff "punished herself more harshly than I think the Court would have originally." Her attorney requested that in light of this "self-imposed punishment," the court sentence Grandstaff to community control instead of jail.

{¶ 19} Grandstaff now argues that because her attorney failed to persuade the court to sentence her to community control, counsel's assistance was ineffective. However, Grandstaff fails to demonstrate how her attorney's performance was deficient or that she was somehow prejudiced. Her attorney's decision to focus on Grandstaff's incarceration and to frame it as a "self-imposed punishment" was a tactical one. "[E]ven if the wisdom of such an approach is debatable, 'debatable trial tactics' do not constitute ineffective assistance of counsel." *State v. Green*, 12th Dist. Warren No. CA2017-11-161, 2018-Ohio-3991, ¶ 43, quoting *State v. Clayton*, 62 Ohio St.2d 45, 49 (1980). Merely because her attorney was unsuccessful at gaining the court's sympathy does not mean that the sentence would likely have been different. We accordingly find that her attorney's assistance did not fall below an "objective standard of reasonableness." *Reeves*, 2020-Ohio-5565, at ¶ 32.

- 6 -

Conclusion

{¶ 20} After reviewing the entire record and all arguments of counsel, we find that Grandstaff's sole assignment of error is without merit and it is therefore overruled.

{¶ 21} Judgment affirmed.

S. POWELL and BYRNE, JJ., concur.