[Cite as *State v. Gochenouer*, 2024-Ohio-2768.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

MICA GOCHENOUER,

    DEFENDANT-APPELLANT.

CASE NO. 9-23-77

O P I N I O N

Appeal from Marion County Municipal Court
Trial Court No. CRB2300349

Judgment Affirmed

Date of Decision:  July 22, 2024

APPEARANCES:

    *William T. Cramer* for Appellant

    *Jeff Ratliff* for Appellee

**ZIMMERMAN, J.**

{**¶1**} Defendant-appellant, Mica Gochenouer ("Gochenouer"), appeals the November 3, 2023 judgment entry of sentence of the Marion Municipal Court. For the reasons that follow, we affirm.

{**¶2**} This case concerns the theft of a cat ("Smudge") that went "missing" in May or June of 2021. Smudge had a habit of escaping the home of its owner to roam in an old school building located across the street. Gochenouer and her mother reside in a portion of the old school building. Over a period of several months, Gochenouer informed the owner of when Smudge was in the old school building. The owner would then retrieve Smudge, or Gochenouer would deliver Smudge to the owner.

{**¶3**} As recent as April 9, 2021, Gochenouer messaged the owner, "Are you missing a Smudge? LOL. She is hiding from the puppy in the gym somewhere." (Nov. 1, 2023 Tr. at 182). (*See also* State's Ex. 8). The owner responded, "Yeah, she ran out the door the other day and I haven't seen her since. I figured she was over there. LOL." (Nov. 1, 2023 Tr. at 182). Gochenouer replied, "I got her. I'm going to bring her over." (*Id.*) Thereafter, Gochenouer returned Smudge to the owner's home.

{**¶4**} In May or June of 2021, Gochenouer stopped messaging the owner about the cat being in the old school building. According to the owner, on June 24th or 28th, she walked over to the old school building "and asked if [Gochenouer and

her mother] had seen her. They said they hadn't seen her, or if they had seen her they were unable to catch her." (*Id.* at 185). The owner also posted a notice on the town's Facebook page about her missing cat.

{¶5} On June 28, 2021, Gochenouer messaged the owner, "Mom said last night she heard some cats fighting and went to check it out. Smudge was outside, she let her in. I haven't seen her today, but she was in here last night. I think she just shows up to eat and then hides out during the day." (*Id.* at 188). (*See also* State's Ex. 10). The owner responded, "Ok well if you do see her again just let me know[.]" (State's Ex. 10).

{¶6} Over the next several months, the owner continued to check in with Gochenouer and her mother "[e]very couple months, maybe every couple weeks" to see if they had seen Smudge. (Nov. 1, 2023 Tr. at 187). Gochenouer and her mother responded that they "haven't seen her, or she - - [they] saw her outside in a fight with another cat, or something along that line. But [they] couldn't catch her." (*Id.*).

{¶7} On or about February 8, 2023, the owner's young daughter saw Smudge in the old school building. The owner went to the old school building and asked for the return of Smudge. Gochenouer and her mother refused to return Smudge to the owner. According to the owner, Gochenouer stated that "she had been vetting the cat for five years, and whether or not they had her technically, it makes the cat hers." (*Id.* at 195).

{¶8} In response to Gochenouer and her mother's refusal to return the cat, the owner contacted the Marion County Sheriff's Office and a deputy sheriff arrived to investigate the matter. After speaking with the owner, the deputy sheriff went to the old school building to speak with Gochenouer and her mother. The deputy sheriff's body camera was on during his interactions with Gochenouer and her mother and the footage was played for the jury. (*See* State's Ex. 13). Gochenouer and her mother confirmed that Smudge was inside the 45,000 square foot building, but refused to return Smudge to its owner. They told the deputy sheriff that the owner gave them the cat because she did not want it. They further stated that they had veterinary bills to prove that the cat belonged to Gochenouer's mother. The deputy sheriff informed Gochenouer and her mother that, if they did not return the cat to its owner, they would be charged with theft.

{¶9} Consequently, on February 14, 2023, a complaint was filed in the Marion Municipal Court charging Gochenouer with theft in violation of R.C. 2913.02, a first-degree misdemeanor.

{¶10} A one-day jury trial was held on November 1, 2023 and concluded in a guilty verdict.[1] On that same day, the trial court sentenced Gochenouer to 180 days in jail, with 170 days suspended.[2]

---

[1] Gochenouer's mother was also found guilty of theft. However, Gochenouer's mother did not appeal her theft conviction or sentence.

[2] The trial court filed its judgment entry of sentence on November 3, 2023.

{¶11} On November 27, 2023, Gochenouer filed a notice of appeal. She raises one assignment of error for our review.

**Assignment of Error**

**The trial court abused its discretion in refusing to provide a jury instruction on abandonment of property as a defense to theft.**

{¶12} In her sole assignment of error, Gochenouer argues that the trial court abused its discretion by refusing to instruct the jury on abandonment. Gochenouer asserts that "[t]he evidence was clear that [the owner] exercised very little control over the cat, allowing it to roam the neighborhood for extended periods of time" and failed "to make any real effort to locate the cat." (Appellant's Brief at 10-11). Gochenouer contends that, in light of the owner's "apparent lack of concern" for Smudge, "it would be reasonable for Gochenouer to believe that [the owner] had effectively abandoned the cat." (*Id.* at 11).

*Standard of Review*

{¶13} "[T]he trial judge is in the best position to gauge the evidence before the jury and is provided the discretion to determine whether the evidence adduced at trial was sufficient to require an instruction." *State v. Fulmer*, 117 Ohio St.3d 319, 2008-Ohio-936, ¶ 72. We review a trial court's refusal to give a requested jury instruction under an abuse of discretion standard. *State v. Houle*, 3d Dist. Marion No. 9-23-31, 2023-Ohio-4609, ¶ 18. An abuse of discretion suggests that a decision

is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

*Analysis*

{¶14} Gochenouer was convicted of theft in violation of R.C. 2913.02, which prohibits anyone, with purpose to deprive the owner of property, from knowingly obtaining or exerting control over the property without the consent of the owner. *See* R.C. 2913.02(A)(1). "A person acts purposely when it is the person's specific intention to cause a certain result" or "to engage in conduct of that nature." R.C. 2901.22(A). "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B).

{¶15} "A defendant cannot be convicted of theft if he or she can show that (1) the owner of the property actually abandoned the property, or (2) the accused reasonably believed that the property had been abandoned." *State v. Reeves*, 12th Dist. Clermont No. CA2020-01-001, 2020-Ohio-5565, ¶ 15 (concluding that the trial court did not err by refusing to give the requested jury instruction on abandonment when the evidence presented at trial showed that the owner had no intent to abandon bedding left unattended at laundromat because owner used a dryer sheet and paid to have the bedding dried).

{¶16} In this case, Gochenouer argues that the trial court abused its discretion by refusing to instruct the jury on abandonment. According to

Gochenouer, the owner's failure to contain Smudge, the minimal efforts to find Smudge, and "repeatedly leaving Gochenouer and her mother to provide food, shelter, and critical veterinarian care" for Smudge necessitated a jury instruction on abandonment as a defense to theft. (Appellant's Reply Brief at 2). In response, the State argues that the trial court did not abuse its discretion by refusing to instruct the jury on abandonment because Gochenouer failed to establish that the owner abandoned Smudge, or that Gochenouer reasonably believed that Smudge had been abandoned.

{¶17} "'Abandoned property' is property 'over which the owner has relinquished all right, title, claim, and possession with the intention of not reclaiming it or resuming its ownership, possession or enjoyment.'" *State v. Noe*, 12th Dist. Butler No. CA2008-08-182, 2009-Ohio-2802, ¶ 9, quoting *Doughman v. Long*, 42 Ohio App.3d 17, 21 (12th Dist.1987). "Abandonment requires affirmative proof of the intent to abandon coupled with acts or omissions implementing the intent." *Reeves* at ¶ 15. "Mere non-use is not sufficient to establish the fact of abandonment, absent other evidence tending to prove the intent to abandon." *State v. Strait*, 5th Dist. Ashland No. 15-COA-43, 2016-Ohio-7200, ¶ 22 (concluding that the trial court did not abuse its discretion by refusing to instruct the jury on abandonment of property when the evidence was not sufficient to justify a reasonable finder of fact to find that the property was abandoned or that the defendant had a reasonable belief that the property was abandoned).

{¶18} In this case, at the close of all the evidence, Gochenouer requested the trial court to instruct the jury on abandonment of property as a defense to theft. In support of the requested jury instruction, Gochenouer argued that the evidence adduced at trial was sufficient to support such instruction because the owner allowed Smudge to roam the neighborhood and, when Smudge went missing, she made little to no effort to find it. The trial court refused to give the requested jury instruction. The trial court reasoned, "[T]here's no abandonment without intention to yield possession, without purpose to relinquish the property or the right to the property. And I do not see that here." (Nov. 1, 2023 Tr. at 250-251). "And therefore, I'm not going to put that in the jury instructions. Mere non[-]use is not sufficient." (*Id.* at 251).

{¶19} After reviewing the record, we conclude that the trial court did not abuse its discretion by refusing to instruct the jury on abandonment. The trial court considered all of the evidence presented at trial and determined that it was not sufficient to support an instruction on abandonment. *See Fulmer*, 117 Ohio St.3d 319, 2008-Ohio-936, at ¶ 72 ("[T]he trial judge is in the best position to gauge the evidence before the jury and is provided the discretion to determine whether the evidence adduced at trial was sufficient to require an instruction.").

{¶20} Furthermore, Gochenouer has not shown that an abandonment instruction was required in light of the evidence presented at trial. Gochenouer did not testify at trial. The only evidence of Gochenouer's belief that Smudge had been

abandoned must be implied from her statements to the deputy sheriff that the owner gave them Smudge because she did not want it and they had veterinary bills to show that Smudge belonged to Gochenouer's mother. In contrast, the owner testified at trial that she did not abandon Smudge. The owner further testified that she did not give Smudge to Gochenouer and her mother. Instead, after Smudge went missing, the owner continually checked in with Gochenouer and her mother "[e]very couple months, maybe every couple weeks" to see if they had seen the cat. (Nov. 1, 2023 Tr. at 187). The foregoing actions are not indicative of "affirmative proof of the intent to abandon." *Reeves*, 2020-Ohio-5565, at ¶ 15. *See State v. Beyers*, 2d Dist. Greene No. 95-CA-32, 1996 WL 200582, *3 (Apr. 26, 1996) (concluding that the trial court correctly declined to give a requested jury instruction on abandonment when the owner unequivocally testified that he did not abandon the door frames stolen by the defendant, even though circumstantial evidence showed that the door frames were stacked within ten feet of the owner's trash cans).

{¶21} Based on the foregoing, we conclude that, since there was not sufficient evidence of abandonment presented at trial, the trial court's decision not to instruct the jury on abandonment was not unreasonable, arbitrary, or unconscionable. Therefore, we conclude that the trial court did not abuse its discretion by refusing to instruct the jury on abandonment of property as a defense to theft.

{**¶22**} Gochenouer's assignment of error is overruled.

{**¶23**} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WALDICK and MILLER, J.J., concur.**

**/hls**